# WESTMORELAND COUNTY.

## March Term, 1793.

### ARTHUR ST. CLAIR *v.* THOMAS GALBRAITH'S
#### Administrators.

1793.

SEVERAL actions of debt on bonds, which had been given in payment of lands fold, having been referred to auditors, and report made ; the defendant's counfel moved to fet this report afide ; becaufe the fums became due in the time of paper currency, and the auditors had not reduced them by the fcale ; but found the fums mentioned in the bonds.

*Brackenridge*, for the defendants. The authority given by the law to the auditors, to determine by equity, to what cafes the fcale applies not, ought to be liberally conftrued, but not fo extended, as to deftroy the law. I know, but two cafes, to which the fcale applies not.

1. Where the ground of action is evidence of a contract before the period of depreciation, though itfelf within it ; as a bond given after, on a contract before the depreciation.

*See Wharton v. Morris. Dall.* 125.

2. Where it is the meaning of the parties, that the fum expreffed fhall not be paid in a depreciated currency. But to extend this exception, as the auditors have done here, and not to apply the fcale, becaufe the depreciation was not known here, when it took place in *Philadelphia*, will defeat the law, as much as if there never had been a fcale. Inftead of one fixed fcale for the whole ftate, it will vary in infinite degrees, in every part of the ftate, and occafion all the inconveniences, which the law intended to prevent.

*Lee v. Biddis Dall.* 175.

*Rofs* and *Woods*, for the plaintiff. It was the intention of the law, to give to auditors a different authority from that of courts and juries ; and conftitute them chancellors with full authority to examine the juftice of the cafe, and decide according to all its circumftances : the fuppofed value of the money, at the place of the contract, the value of the property fold in the eftimation of the

parties contracting, and the partial payments in depreci- 1793.
ated currency, though not reducible, are all taken into
confideration, to enable the auditors to afcertain what
fum would really correfpond to the intention of the par-
ties exprefled in the contract. This has been the uni-
form practice of courts and auditors. In the cafe of
*Lee v. Biddis*, in the Supreme court, on a bond given
on a previous contract made within the period of depre-
ciation, the auditors did not confine themfelves to the
value of the money even at the time of the contract, but
gave hard money. Exceptions were filed and argued, as
here ; but the court confirmed the report.* In the pre-
fent cafe, the land fold was worth 2000*l.* hard money,
and was fold for 2000*l.* when depreciation was unknown
here. Of that fum, 1400*l.* was paid, when the money
was at 20 for 1. And, when the whole fum in this re-
port fhall be paid, not more than half of the price in the
view of both parties, at the time of the contract, will be
paid. Courts have always rejected nice fubtleties, to
attain fubftantial juftice. They have permitted a *feme
coverte* to be fued as *fole*. When a verdict againft law,
but founded in juftice, as a verdict againft the plea of
the ftatute of limitations, has been obtained, they have
refufed to fet it afide. When one has been convicted on
an indictment, he has been forced under the influence
of the fentence to be paffed, to do juftice to the party
injured. If you feek equity, you muft firft do equity.
Reports of auditors or arbitrators, judges chofen by the
parties, are peculiarly favoured. The court will not
take from us the advantage we have got, by this report,
when taking this would deprive us of juftice.

PRESIDENT. The cafe in the Supreme court is de-
cifive of this. There muft be judgment on the report.

* This cafe was a manufcript ftatement certified by Mr.
*Burd*, prothonotary of the Supreme court. There was alfo
a letter from Mr. *Lewis*, one of the counfel, ftating it.

*E 2*